CITY OF NEWPORT *v.* E. F. ABBOT, ET AL.

Municipal Corporations—Street Improvement—Subdivision for Purpose of Assessment—Equal Burden on Abutting Property.

   The right of a city to levy a tax on property fronting on a street not being questioned, the town council has the right to sub-divide the street, being improved, by certain cross streets, so as to form the lot owners into a defined square or sub-division, or quasi community for the purpose of specific local taxation.

APPEAL FROM CAMPBELL CIRCUIT COURT.

January 28 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

By the 4th section of "An Act to amend the Charter and Laws of the City of Newport in Campbell county" approved February 4th, 1863, the city has power by ordinance to provide for repairing from time to time any part of the metal on any part of any street, alley, common or space, or for cleaning the same or for clearing out obstructions therefrom. And if the city shall do the work, the expense and costs thereof as audited and fixed by the city council shall be charged up to and apportioned equally upon the front foot of the lots fronting such work, on the side of the street, alley, space or common where the same shall be done and shall constitute a special tax debt against the property and owners of such lots or part of lots, for the judgment thereof with all penalties, costs and expenses incident thereto.

By an ordinance adopted July 2nd, 1868, the city council provided for the repairing of Madison street between Columbia and Hubbard streets, the entire expense of which was to be "levied and collected as a special tax at a rate per lineal foot on the part of said Madison street to be improved and the owners of property bounding thereon to pay the same."

In pursuance to said ordinance the city contracted with Adam Schweitzer for the performance of the work. "The money to be raised by a special tax at a rate per lineal foot to be levied

and collected from the property holders along the line of the part of the street so improved, and to be paid over to the said Adam Schweitzer from time to time as fast as collected.

Afterwards upon the petitions of a large number of the property holders to be affected by the proposed repairs many of whom are parties to this action, the council provided that the property between Isabella and Patterson street should be assessed at the rate of $1.70 per foot, that between Patterson and Hubbard streets at the rate of $1.51 1-2 and the remainder at the rate of $1.27 1-2 per foot.

It seems that this street was originally graded and paved at the expense of the owners of the property now about to be taxed for the repairs to be made upon the same. And that this apparent discrimination was necessary in order to proportion the assessment on the property to the improvements and repairs necessary to be made in front of the same, and that an average tax upon the property fronting upon the entire street, would impose a heavy tax upon lots in front of which little or no repairs were necessary.

The work upon two of the sub-divisions having been completed the tax was levied, and this suit was brought to enjoin its collection.

Appellees insist that the discrimination in the assessment of the tax renders it unequal, that it is therefore unauthorized, and further that the council has no power to enforce its collection until all the contemplated repairs shall have been finished. The right of the city to levy a tax upon the property fronting on Madison street for the improvement of the same is not questioned, and it seems to us that according to the principles governing the assessment of taxes for such municipal purposes as laid down in the opinions of this court in the cases of the *City of Lexington v. McQuillans Heirs, 9th Dana, 513,* and of the *City of Louisville v. Hyatt, et al, 2nd B. Monroe, 177,* the council had the right to sub-divide the street being improved by certain cross streets so as to form the lot owners into a defined square or sub-division, into a subordinate quasi community for the purpose of this specific local taxation.

And as it appears in this instance that the taxation was by reason of this sub-division more nearly apportioned to the expense *each* lot owner would have incurred in case he had made the

repairs himself instead of having them made through the agency of the city government. It cannot be said that it has so operated as to impose unnecessary or improper hardships upon some at the expense of others. All the property holders of each sub-division are required to contribute alike, and we know of no means by which a perfect equality of taxation could have been more clearly approximated than by that resorted to by the appellant. Nor is this approximate equality at all disturbed by the fact that all the repairs were included in one contract. It is not alleged that a different course would have secured the work at less expense.

Having the right by this sub-division to create their sub-ordinate communities, it follows that as the work in each sub-division is completed, the council has the right to levy and collect the tax due from the property owners within the limits of the same.

We are of opinion that the court erred in perpetually enjoining the collection of the tax assessed against the property of the appellees.

Its judgment is therefore reversed and the cause remanded for further proceedngs consistent herewith.

*Geisler, Hawkins, Boden, for appellant.*

*Hallam, for appellees.*